UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY HATTEN,                          :

        Petitioner,           :        CIVIL ACTION NO. 1:11-0062

   v.                                        :           (CALDWELL, D.J.)
                                           (MANNION, M.J.)

UNITED STATES OF AMERICA,     :

        Respondent.        :

### REPORT AND RECOMMENDATION[1]

On January 10, 2011, petitioner Timothy Hatten filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). The petition indicates that on November 18, 2008, Judge James I. Cohn, United States District Court for the Souther District of Florida, entered an order granting his petition for sentence reduction pursuant to 18 U.S.C. §3582(c) based on new amendments to the United States sentencing guidelines which applied retroactively. Accordingly, petitioner states that Judge Cohn considered the factors set forth in 18 U.S.C. §3553(a), and exercised his discretion to reduce petitioner's sentence. Petitioner claims that although Judge Cohn took the appropriate steps to revise his base offense level to 38, the court failed to

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

order that a new pre-sentence report be prepared, and thus, the court accepted the previous erroneous findings in the pre-sentence report that placed petitioner's criminal history level at III. Consequently, petitioner claims that he did not receive the appropriate sentence reduction by the court. As such, petitioner requests that Judge Cohn order a new pre-sentence report be prepared in order to correct his criminal history score and sentence.

Petitioner further contends that (1) the government erroneously used his only prior conviction several times in guideline and enhancement statutes, and (2) he erroneously received a three level upward enhancement under 3B1.1(a) for being a manager, organizer or having a leadership role.

Noting that this petition sought to challenge the legality of petitioner's sentence, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the court issued an order advising the petitioner that: (1) he can have the petition ruled on as filed; (2) have his petition re-characterized as a §2255 motion and heard as such, but in that event he will lose his ability to file a second or successive petition absent certification by the court of appeals; or (3) withdraw his petition and file one all-inclusive §2255 motion within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub. L. No. 104-132, Title 1, §§101-108, 110

Stat. 1214, 1217-21 (1996). (Doc. No. 4). The petitioner was provided a Notice of Election form, and the court directed the petitioner to complete and file the Notice of Election form with the court by February 22, 2011. *Id.* at 2. The petitioner was further advised that "the failure of the petitioner to comply with this order will result in the court ruling on the motion, document or pleading as captioned." *Id.*

On January 25, 2011, the petitioner returned the Notice of Election form and elected to proceed as follows:

> I have not labeled my motion, petition or pleading as a motion to vacate, set aside or correct my sentence under 28 U.S.C. §2255. I choose to have the court rule on my motion, petition, or pleading as filed. I understand that the failure to bring the motion, petition, or pleading under 28 U.S.C. §2255 may be a basis for denial or dismissal of the motion, petition, or pleading.

(Doc. No. 5).

Accordingly, the court will construe petitioner's petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. *See id.* As such, the court will now turn to the issue of whether petitioner may proceed pursuant to §2241.

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. §2255. "Motions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can

challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)); *see Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence in the first instance."). Indeed, a court is specifically prohibited from entertaining a federal prisoner's challenge to his conviction by an application for habeas corpus pursuant to 28 U.S.C. §2241[2] "unless it also appears that the remedy by motion [i.e., pursuant to §2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *see Okereke, 417 F.3d at 120* ("[Section] 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.') (citing *In re Dorsainvil*,119 F.3d 245, 251 (3d Cir. 1997)).

In order to be able to bring a §2241 petition for a writ of habeas corpus,

---

[2] Section 2255 is not designated as a habeas corpus statute, but rather speaks of motions "to vacate, set aside or correct the sentence." In contrast, §2241 is formally designated as the habeas corpus statute. But, in fact, §2255, like §2241, is a species of habeas corpus. *See Davis v. United States, 417 U.S. 333, 343 (1974)* ("[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."); *United States v. Anselmi, 207 F.2d 312, 314 (3d Cir. 1953)* ("[S]ection 2255 . . . afford[s] to a convicted federal prisoner a remedy which is the substantial equivalent of the conventional writ of habeas corpus.")

the petitioner must establish that he satisfies the safety-valve language of §2255, i.e., that the remedy by way of a §2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in §2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir.1971) (unfavorable legal standards prevailing in circuit where sentencing court located does not render §2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir.1971) (doubts about the administration of a §2255 motion in particular does not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954) (even if the sentencing court incorrectly disposes of a proper motion under §2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A prisoner can pursue habeas relief under the safety-valve clause of §2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal. *See Brown v. Mendez*,167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001).

A §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication

of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir.1971)(per curiam) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.*; *Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir.1966). It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.1986). Courts have consistently held that a prior unsuccessful motion to vacate a sentence does not render the remedy inadequate or ineffective. *In re Vial*, 115 F.3d 1192 (4th Cir.1997) (stating the remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a §2255 motion). Moreover, "[§]2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

Here, the petitioner has not met the high standard so as to be allowed to proceed under §2241 instead of §2255. In fact, the petitioner has not

advanced any arguments as to §2255's inadequacy of ineffectiveness. Nor has petitioner alleged that a change in substantive law has made him innocent of the federal charges against him.

As stated above, the fact that the petitioner did not receive the relief he desired from the sentencing court, does not make §2255 inadequate or ineffective. *See id.* In addition, his claims that the sentencing court erred do not make §2255 inadequate or ineffective. *Davis,* 212 F.2d at 684. Furthermore, the Third Circuit has rejected the argument that a §2255 motion is inadequate or ineffective when a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive petition. *Mejia v. Yost,* 388 Fed. Appx. 220, 222 (3d Cir. 2010) (citation omitted).

The court notes that petitioner has stated in passing that proceeding under §2241 is appropriate in order to prevent a miscarriage of justice, but this unsupported blanket assertion is also unpersuasive as it similarly does not indicate why §2255 is inadequate or ineffective to challenge the validity of his sentence. Likewise, the petitioner failed to explain why he was unable to assert his present claims in a §2255 motion before the sentencing court.

In sum, petitioner has not made the requisite showing that §2255 is inadequate or ineffective to test the legality of his sentence. Further, the

remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. Therefore, petitioner Hatten's petition should be dismissed for lack of jurisdiction, as his petition should have been brought in a motion under §2255 to the sentencing court.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1)  Petitioner be **GRANTED** leave to proceed *in forma pauperis*, (Doc. No. 2), for the sole purpose of filing the petition;

(2)  The petition, (Doc. No. 1), be **DISMISSED** for lack of jurisdiction; and

(3)  The Clerk of Court be directed to **CLOSE** this case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**[3]

**Date:** April 8, 2011
O:\shared\REPORTS\2011 Reports\11-0062-01.wpd

---

[3] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.